# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| KATHLEEN M. SRP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-cv-3006 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff Kathleen Srp appeals from the denial of her application for Social Security Disability Insurance Benefits (Disability Benefits) under Title II of the Social Security Act. 42 U.S.C. §§ 416(i) and 423. This appeal is brought pursuant to 42 U.S.C. § 405(g). This matter is before this Court for a Report and Recommendation on Srp's Motion for Summary Judgment (d/e 11), and Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e 14). For the reasons set forth below, this Court determines that the Commissioner's decision should be reversed in light of the new Social Security Ruling 16-3p, 2016 WL 1119029 (March 16, 2016) (SSR 13-3p). The Court, therefore, recommends that that the Plaintiff Srp's Motion should be ALLOWED, Defendant Commissioner's Motion should be

DENIED, and the decision of the Commissioner should be REVERSED and REMANDED.

On March 16, 2016, the Social Security Administration (Administration) issued SSR 16-3p, which became effective on that date. SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." Lauer v. Apfel, 169 F.3d 489, 492 (7th Cir. 1999) (internal citations omitted) (citing 20 C.F.R. § 402.35(b)(1)).  Courts "generally defer to an agency's interpretations of the legal regime it is charged with administrating." Liskowitz v. Astrue, 559 F.3d 736, 744 (7th Cir. 2009).

SSR 16-3p addressed the method by which adjudicators, such as an Administrative Law Judge (ALJ), should "evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims under Titles II and XVI."  SSR 16-3p eliminates "the use of the 'term' credibility'" from the evaluation process.  The Social Security Administration stated in SSR 16-3p, "[W]e clarify that subjective symptom evaluation is not an examination of an individual character.  Instead, we will more closely follow our regulatory language regarding symptom evaluation."  The new

ruling supersedes SSR 96-7p, 1996 WL 374186 (July 2, 1996).  SSR 16-3p, 2016 WL 1119029, at *1.

The Administration summarized the method of evaluation to be used by ALJs and other adjudicators (hereinafter ALJ):[1]

> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms. We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult and how symptoms limit ability to function independently, appropriately, and effectively in an age-appropriate manner for a child with a title XVI disability claim.

Id., at *2.  The ALJ will continue to use a two-step evaluation of an individual's symptoms.  The ALJ first must determine whether a claimant has a medically determinable impairment that could reasonably be expected to produce an individual's symptoms.  The ALJ does not consider statements about the severity of symptoms at this first step.  The first step in the two-step evaluation as set forth in SSR 16-3p is consistent with the Administration's prior superseded ruling.  See SSR 96-7p, 1996 WL 374186 (July 2, 1996), at *2.

---

[1] The Court uses the tem ALJ because the ALJ's decision in this case is the relevant adjudication at issue.  SSR 13-3p gives guidance to all adjudicators in the Administrations evaluative process.

If a claimant has such a medically determinable impairment, the ALJ moves to the second step. At the second step, the ALJ must consider all of the evidence in the record to determine the intensity, persistence, and limiting effect of the claimant's symptoms:

> In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.

SSR 16-3p, 2016 WL 1119029, at *4. The Administration further stated:

> . . . We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled. We will evaluate an individual's symptoms based on the evidence in an individual's record as described below; however, not all of the types of evidence described below will be available or relevant in every case.

Id.

The Administration instructed the ALJ to evaluate whether statements about symptoms "are consistent with the objective medical evidence or other evidence in the record." The Administration explained:

> We may or may not find an individual's symptoms and related limitations consistent with the evidence in his or her record. We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our

conclusions. We will evaluate an individual's symptoms considering all the evidence in his or her record.

Id., at 8.  The Administration instructed the ALJ to thoroughly explain the evaluation of evidence of the claimant's symptoms:

> In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

Id., at 9.

The Administration instructed the ALJ not to use the term "credibility" in making this evaluation.  Id. at *1.  The prior, superseded ruling, SSR 96-7p, stated that, "the adjudicator <u>must make a finding on the credibility of the individual's statements</u> based on a consideration of the entire case record." SSR 96-7p, 1996 WL 374186, at *2 (emphasis added).

The Administration explained that SSR 16-3p removed the term "credibility" because the ALJ is not to determine the truthfulness of the person making a statement, only the statement's evidentiary value in light of the other evidence in the record:

> Adjudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the

record that is relevant to the individual's impairments. <u>In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person.</u> Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities . . . .

SSR 16-3p, 2016 WL 1119029, at *10 (emphasis added).

In this case, the ALJ made her decision on August 26, 2013, more than two years before the effective date of SSR 16-3p. Certified Transcript of Proceedings before the Administration (d/e 7) (R.), at 13-23. The ALJ's decision became the final decision of the Commissioner on November 12, 2014, when the Appeals Counsel denied Srp's request for review. R. 1. The initial question is whether SSR 16-3p applies retroactively to final decisions made before the March 16, 2016, effective date of SSR 16-3p.

A new statement by an administrative agency generally applies retroactively to administrative decisions that are subject to judicial review on the effective date of the statement if the statement only clarifies an existing ruling. A new statement generally does not apply retroactively if the new statement makes a substantive change in the law. Pope v. Shalala, 998 F.2d 473, 482-83 (7th Cir. 1993) overruled on other grounds,

Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999). Courts give great weight to an agency's intent and interpretation of the ruling, but the agency's interpretation is not dispositive. The agency cannot make a substantive change and call it a clarification. Id., at 483.

The Administration stated that SSR 16-3p was a clarification. SSR 16-3p, 2016 WL 1119029, at *1. The Court agrees with the Administration's characterization.

SSR 16-3p keeps the existing two-step evaluation of symptoms. SSR 16-3p, further, keeps the basic method of evaluation at the second step. The ALJ must evaluate statements about a claimant's symptoms based on all the relevant evidence in the record. SSR 96-7p, similarly, directed the ALJ to make a finding of the credibility of statements about symptoms based on all the entire record. SSR16-3p stated that the term "credibility" should not be used, but the ALJ still must evaluate whether statements regarding symptoms are consistent with all the other relevant evidence, including objective medical evidence. The Administration only clarified that evaluating statements regarding symptoms did not involve assessing the truthfulness of the speaker; rather, the ALJ must evaluate such statements along with all of the other evidence in the record to determine "whether the intensity and persistence of the symptoms limit the

claimant's ability to perform work-related activities." Id., at 10.  SSR16-3p does not make a substantive change in the two-step analysis of evidence of symptoms.

Pursuant to the Seventh Circuit's guidance in Pope v. Shalala, SSR 16-3p applies retroactively to the ALJ's decision in this case.  At least five other courts in this Circuit have also concluded that SSR 16-3p applies retroactively.  McCammond v. Colvin, 2016 WL 3595736, at *2-4 (N.D. Ill. July 5, 2016); Farrar v. Colvin, 2016 WL 3538827, at *5 (N.D. Ill. June 29, 2016); Lockwood v. Colvin, 2016 WL 2622325, at *3 n.1 (N.D. Ill. May 9, 2016); Hapberg v. Colvin, 2016 WL 1660493, at *6 (N.D. Ill. April 27, 2016); Pietruszynski v. Colvin, 2016 WL 1535158, at *6 n.6 (N.D. Ill. April 14, 2016).

The ALJ in this case followed the guidance in SSR 96-7p that was in effect at the time of her decision, but is now superseded.  The ALJ made credibility findings of Srp's statements regarding the intensity, persistence, and limiting effects of her symptoms, "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are found not entirely credible for the reasons explained in this decision."  R. 19.  The ALJ found that statements by Srp's coworkers and ex-husband

were, "less than fully credible" because they were "inconsistent with the objective medical record and relevant credibility factors."  R. 21.

The ALJ made her credibility finding, in part, on her observations of Srp as a witness at the hearing.  The ALJ did not give controlling weight to the opinions of state agency physicians, in part, because, "These physicians did not have the benefit . . . of assessing the claimant's credibility at [the] hearing."  R. 21.  The ALJ did not explain how she assessed Srp's credibility at the hearing.  The reference seems to indicate that the ALJ decided credibility, in part, on her personal observation of Srp during the hearing.  Such observations generally assess the truthfulness of the witness in an adversarial litigation. See e.g., United States v. Hamilton, 107 F.3d 499, 503 (7th Cir. 1997) ("[F]ace-to-face confrontation ensures the reliability of the evidence by allowing the trier of fact to observe the demeanor, nervousness, expressions, and other body language of the witness.").  SSR 16-3p specifically prohibits the adversarial approach of judging the witness's truthfulness.  SSR 16-3p, 2016 WL 1119029, at *10.

Under the guidance of SSR 16-3p, the ALJ's credibility determination was error that requires reversal.  On remand the ALJ can evaluate statements regarding the intensity, persistence, and limiting effects of Srp's symptoms in accordance with SSR 16-3p.

The Court will not comment on other issues raised on appeal because the reevaluation of the evidence of symptoms under SSR 16-3p could result in a revision of the findings in the ALJ's decision.

THEREFORE, THIS COURT RECOMMENDS that Srp's Motion for Summary Judgment (d/e 11) should be ALLOWED, Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e 14) should be DENIED, and the decision of the Commissioner should be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g).

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:  July 14, 2016

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE